## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GEOFFREY N. FIEGER,

        Plaintiff,

v.                                                CIVIL CASE NO. 04-60089
                                                HON. MARIANNE O. BATTANI

JOHN D. FERRY, JR., *et al*.,

        Defendants.

_____/

## OPINION AND ORDER

**I.    INTRODUCTION**

Plaintiff commenced this suit pursuant to 42 U.S.C. § 1983, alleging that Defendants conspired to violate his constitutional rights by choosing not to disqualify themselves from state court proceedings in which he was counsel of record. Plaintiff broadly states that he has "the right guaranteed by the Fourteenth Amendment to the Constitution of the United States to pursue his chosen profession, avocation and occupation free from reprisal for exercising his First Amendment rights, to appear before the Michigan Supreme Court as a member of the bar of that Court, and to have his cases and those of the clients who he represents, decided by a fair, independent and impartial tribunal, following a fair hearing, as guaranteed by the Due Process Clause of the Fourteenth Amendment." Compl. para. 10. Currently before the Court is Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1), (2), and (6)[1] (Doc. # 20).

---

[1] Although brought as a motion to dismiss under FED. R. CIV. P. 12(b)(2), Defendants make no argument as to why the Court lacks personal jurisdiction over them.

## II. STATEMENT OF FACTS

Plaintiff Geoffrey Fieger is a well-known trial lawyer and an outspoken critic of members of the Michigan Judiciary. Defendants Maura Corrigan, Clifford Taylor, Robert Young, and Stephen Markman (the "Justices") are sitting members of the Michigan Supreme Court, and Defendant John Ferry is the State Court Administrator of the State of Michigan. Claiming that the Justices were biased, Fieger sought the recusal of the Justices in two appeals that were pending before the Michigan Supreme Court in cases involving his clients. Before the Michigan Supreme Court ruled on the recusal motions, Fieger and his clients sued the Justices and the state court administrator in this Court. Fieger and his clients alleged that they were entitled to a fair hearing on the recusal motions before an impartial tribunal. The Justices denied the recusal motions. This Court dismissed his federal suit on the basis of the Rooker-Feldman doctrine. See generally Rooker v. Fid. Trust Co., 263 U.S. 413, (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983).

The Sixth Circuit initially affirmed this Court's dismissal. However, on rehearing the circuit court vacated the Rooker-Feldman portion of its previous opinion in light of the Supreme Court's decision in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). Notwithstanding the inapplicability of Rooker-Feldman, the circuit court upheld the dismissal of Fieger's federal lawsuit on both Younger abstention and collateral estoppel grounds. Gilbert v. Ferry, 401 F.3d 411 (6th Cir. 2005). See generally Younger v. Harris, 401 U.S. 37 (1971).

Fieger then filed another suit in this Court, alleging that the Justices deprived him of his constitutional rights by expressing "public, personal, political, and professional animus" toward him while refusing to recuse themselves from cases in which he was involved, and by actively

2

pursuing disciplinary proceedings against him before the Attorney Grievance Commission. Fieger asked the Court to enter "[a] declaratory judgment that the Defendants, and each of them, have violated the Constitutional Rights of the Plaintiff" as alleged. He also asked the Court to enter a judgment declaring that the Michigan Supreme Court's interpretation of the state's recusal rule was unconstitutional. He further asked for a judgment declaring that Michigan's recusal rule either permits the State Court Administrator to assign a judge of another court to hear and decide a motion to recuse a supreme court justice or, in the alternative, is unconstitutional.

This Court again dismissed Fieger's case on <u>Rooker-Feldman</u> grounds. The Court rejected Fieger's as-applied challenge to Michigan's recusal rule, refusing to second guess the Michigan Supreme Court's interpretation of its own rule. The Court also rejected Fieger's facial challenge to the state court recusal rule because it was inextricably intertwined with the final judgments of the Michigan Supreme Court.

Fieger appealed. The Sixth Circuit held that the <u>Rooker-Feldman</u> doctrine barred Fieger's challenge of the Justice's past actions. <u>Fieger v. Ferry</u>, 471 F.3d 637, 644 (6th Cir. 2006). However, the court found that "[t]he more difficult issue is whether the district court was correct in determining that Fieger's constitutional challenge (both facial and as-applied) to Michigan's recusal procedures was barred by *Rooker-Feldman*." <u>Id</u>. The court went on to hold that:

> To the extent that Fieger challenges the constitutionality of Michigan's recusal rules by alleging that "[t]he threat that the Plaintiff cannot, and will not, receive a fair hearing before an impartial and independent tribunal is real, immediate, and continuing," *Rooker-Feldman* does not bar his action. To that extent, the source of Fieger's alleged injury is not the past state court judgments; it is the purported unconstitutionality of

3

> Michigan's recusal rule as applied in future cases. Such a claim is
> independent of the past state court judgments. Thus, insofar as the district
> court dismissed Fieger's challenge to the constitutionality of Michigan's
> recusal rule pursuant to the *Rooker-Feldman* doctrine, the court's
> judgment must be reversed.

Id., at 646. Thus, the Sixth Circuit ruled that Fieger may challenge the constitutionality of the recusal procedures followed by the Justices, but may not challenge past recusal decisions.[2] To that end, Fieger requests numerous declaratory judgments that the Justices violated his constitutional rights, that the word "judge" applies to the Michigan Supreme Court justices, that the State Court Administrator has independent authority to assign a judge from another court to hear and decide cases before the Michigan Supreme Court, and that the recusal rule followed by all other Michigan state court judges applies to the Michigan Supreme Court. Compl., Prayer for Relief, pp. 7-8.

Defendants ask the Court to dismiss Plaintiff's facial challenge to the Michigan Supreme Court's recusal procedure. Defendants assert that the standards and processes applicable to recusal are a matter of state law, and thus, not subject to the constitutional requirements of the Due Process Clause of the United States Constitution.[3] Defendants also assert that the process for disqualification utilized by the Justices comports with the applicable due process principles, and thus, Plaintiff's requests for declaratory relief should be dismissed.

### III. STANDARD OF REVIEW

---

[2] Because Plaintiff is barred from challenging past applications of the recusal procedure to his recusal requests, see Fieger, 471 F.3d at 644, he is limited to a facial challenge of the constitutionality of the Justices' recusal procedure. See IV-A, supra.

[3] The Court does not address this meritless argument in the Analysis section.

4

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). A district court has no subject matter jurisdiction over a claim if that claim is barred by the Rooker-Feldman doctrine, *res judicata*, or by the Eleventh Amendment. Id.

Federal Rule of Civil Procedure 12(b)(6) allows district courts to dismiss a complaint which fails "to state a claim upon which relief may be granted." "This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true. Under this standard, a complaint should be dismissed only where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Tidik v. Ritsema, 938 F.Supp. 416, 421 (E.D. Mich. 1996). The Sixth Circuit has made it clear that "[a] complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997). The United States Supreme Court recently reiterated this principle, holding that a complaint that fails to allege facts supporting basic elements like loss and loss causation fails to satisfy Federal Rule of Civil Procedure 8. See Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 338 (2005). When faced with a FED. R. CIV. P. 12(b)(6) motion to dismiss, a district court,

> . . . must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990). A complaint need only give "fair notice of what the

5

> plaintiff's claim is and the grounds upon which it rests." Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). A judge may not grant a FED. R. CIV. P. 12(b)(6) motion to dismiss based on a disbelief of a complaint's factual allegations. Id.

In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). However, the court does not give the presumption of truthfulness to any legal conclusions, opinions, or deductions, even if they are couched as factual allegations. Sexton v. Barry, 233 F.2d 220, 223 (6th Cir. 1956); Tidik, 938 F.Supp. at 421; Western Mining Council v. Watt, 643 F.2d 618, 629 (9th Cir. 1980); Mitchell v. Archibald & Kendall, Inc., 573 F.2d 429, 432 (7th Cir. 1978). Accordingly, to determine whether a complaint should be dismissed for failure to state a claim under Rule 12(b)(6), this Court must examine the applicable substantive law and the facts alleged in the plaintiff's complaint.

**IV. ANALYSIS**

    **A. The Nature of Plaintiff's Challenges**

The Sixth Circuit's decision, which dismissed Plaintiff's challenges to the Defendants' past recusal decisions as barred by Rooker-Feldman, allowed Plaintiff to challenge the "purported unconstitutionality of Michigan's recusal rule as applied in future cases." Fieger, 471 F.3d at 646. The preliminary question for this Court to resolve is which of Plaintiff's remaining claims challenge the rule "as applied in future cases."

Plaintiff presented two forward-looking claims (along with his numerous now-dismissed challenges to Defendants' past recusal decisions): Plaintiff claims that Defendants' participation in his cases violates his constitutional right to receive a fair and impartial hearing before

6

Michigan's Supreme Court because Defendants have expressed personal and professional animus toward him explicitly and on numerous occasions, Pl.'s Supplemental Br., at 2, and that "the failure to provide a meaningful mechanism by which the impartiality of a member of the Michigan Supreme Court could be feasibly and realistically challenged [is] a denial of due process." Fieger v. Ferry, 471 F.3d 637, 644 (6th Cir. 2006) (quoting Pl.'s Appellate Br. at 15). In other words, Plaintiff challenges the rule on two grounds: (1) that the Michigan Supreme Court as it currently operates is incapable of judging his cases without unconstitutionally depriving Plaintiff of his right to a fair hearing; and (2) that, on its face, the Michigan Supreme Court's recusal procedure[4] does not afford adequate procedural safeguards to ensure that an interested party's due process rights to a hearing before a fair tribunal are protected.[5] This Court finds that only the latter, facial challenge is permitted under the Sixth Circuit ruling.

While the wording of the phrase "as applied in future cases" would appear to cover the Plaintiff's first claim – that in future cases the Defendants will apply the rule in such a way as to be unconstitutional – such a category of constitutional challenges does not and cannot exist. Indeed, the tense of the word 'applied' refers to a past application of the law, making the idea of finding a violation for future action temporally impossible. Courts will not assume future behavior for as-applied constitutional challenges – they exist only to redress existing violations. See, e.g., United States v. Raines, 362 U.S. 17 (1960) (holding that courts are "never to

---

[4] The Court notes that at least one member of the Michigan Supreme Court does not currently utilize the same recusal method as the Justices, but rather has recently adopted the methods outlined in M.C.R. § 2.003.

[5] "A fair trial in a fair tribunal is a basic requirement of due process." In re Murchison, 349 U.S. 133, 136 (1955).

7

anticipate a question of constitutional law in advance of the necessity of deciding it"). Thus, even though the Justices' future actions with regard to Plaintiff's future recusal challenges are eminently predictable, the Court simply cannot address an as-applied claim regarding constitutional violations that have yet to occur.[6]

Thus, because Plaintiff cannot allege that an action that has yet to occur has violated his constitutional rights as applied, Plaintiff fails to provide "all material elements necessary to sustain a recovery under some viable legal theory," Weiner, 108 F.3d at 88, and his challenge to the future application of the recusal rule is dismissed under Federal Rule of Civil Procedure 12(b)(6).[7]

### B. The Facial Challenge

The Court will now address Plaintiff's remaining claim: the facial challenge to the rule claiming that the rule itself – and not the future application – is unconstitutional. Because Plaintiff had a meaningful opportunity to be heard and had a means of challenging the decision the recusal method employed by the Michigan Supreme Court is not unconstitutional, and Plaintiff's challenge fails here as well.

The recusal process utilized by the Justices consists of filing a motion for recusal in the

---

[6] Furthermore, even if the Court were to accept this method of challenge, it is worth noting that under the standard laid out by Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 815 (1986), discussed below, the failure to recuse would not rise to the level of a due process violation, as the Justices' personal biases are insufficient to establish a constitutional deprivation in absence of a personal interest in the outcome of the case. Id. at 824-5.

[7] The appropriate avenue for challenging any application of the recusal rule as applied to the Plaintiff in his future cases is a direct appeal from the Michigan Supreme Court to the United States Supreme Court.

same manner as any other motion.  See M.C.R. §7.313.  The motion must state the grounds on which disqualification is based and provide evidence to support those grounds.  Id.  Once the recusal motion is received, the individual justice the party seeks to disqualify, decides, almost exclusively without stating a reason, whether he or she can decide a matter impartially.  See Adair v. Mich. Dep't of Educ., 709 N.W.2d 567, 570 at n2 (Mich. 2006),[8] Grievance Adm'r v. Fieger, 719 N.W.2d 123, 150 (Mich. 2006).  Further, the decision of the individual justice is not subject to review by any other member of the Michigan Supreme Court or any State institution.  However, the recusal decision is appealable to the United States Supreme Court.  28 U.S.C. § 1257.  See also Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 815 (1986) (ruling on recusal decision by the Alabama Supreme Court), Gilbert v. DaimlerChrysler Corp., 685 N.W.2d 391 (Mich. 2004), cert. denied, 546 U.S. 821 (2005) (case in which Plaintiff sought recusal of the Justices), Graves v. Warner Bros., 669 N.W.2d 552 (Mich. 2003), cert. denied, 542 U.S. 920 (2004) (case in which Plaintiff sought recusal of the Justices).

The Fourteenth Amendment states that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. amend. XIV § 1.  "This Clause clothes individuals with the right to both substantive and procedural due process."  Prater v. City of Burnside, Ky., 289 F.3d 417, 431 (6th Cir. 2002) (citing U.S. v. Salerno, 481

---

[8] In Adair, Justices Taylor and Markman broke with the purported longstanding tradition and offered a written explanation of their decisions not to recuse themselves.  They also cited MCR 2.003 numerous times in support of their decision not to recuse themselves despite the inapplicability of that rule to "Justices."

9

U.S. 739, 746 (1987) (analyzing the Due Process Clause of the Fifth Amendment)). The Due Process Clause provides three types of protections. First, it incorporates many of the specific protections defined in the Bill of Rights. A plaintiff may bring suit under § 1983 for state officials' violation of his rights, such as the right to freedom of speech or the right to be free from unreasonable searches and seizures. Zinermon v. Burch, 494 U.S. 113, 125 (1990) (citation omitted). Second, the Due Process Clause contains a substantive component[9] that bars certain government actions "regardless of the fairness of the procedures used to implement them." Id. Third, the Due Process Clause guarantees fair procedure. Id. "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." Id. (emphasis in original).

To determine whether a constitutional violation has occurred in procedural due process claims, "it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry . . . examine[s] the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law." Zinermon, 494 U.S. at 126. Because Plaintiff challenges the recusal process on its face, he "must establish that no set of circumstances exists under which the [process] would be valid." U.S. v. Salerno, 481 U.S. 739, 745 (1987).

---

[9] The Constitutional right to privacy, among other rights, is a component of substantive due process. See, e.g., Griswold v. Connecticut, 381 U.S. 479 (1965). Plaintiff does not allege a violation of his substantive due process rights.

10

Against this backdrop, the Court must decide whether the Justices' recusal procedure comports with procedural due process, and more specifically, whether taken in the light most favorable to him, Plaintiff has established that under no set of circumstances would the Justices' recusal method be valid. See Salerno, 481 U.S. at 745. Although Plaintiff claims that there is no meaningful review because of the alleged bias and personal animus against him by the Justices, the only issue before the Court is whether under no set of circumstances can the recusal procedure itself be constitutionally valid. In doing so, the Court notes that "[a] facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully," Id. T

The Due Process Clause does not impose a constitutional requirement that the states adopt statutes that permit disqualification for bias or prejudice, Lavoie, 475 U.S. at 820, and "only in the most extreme of cases would disqualification" because of bias or prejudice by a judge be constitutionally required. Id., at 821. In Lavoie, the failure of a Justice of the Alabama Supreme Court to recuse was deemed unconstitutional not because he was personally biased or prejudiced against one of the parties (though it was acknowledged that he may have been), but because he was instituting a class action lawsuit against one of the parties and the results in the immediate case would affect both the success and the amount of recovery in his action.[10] Id. at 824-25. It was the direct pecuniary interest in the case, and not the bias of the judges or the recusal procedure of the Alabama Supreme Court, that led to the result. Id. Indeed, the Alabama Supreme Court employs the exact same recusal procedures as the Michigan Supreme Court. Id. at 818.

---

[10] By contrast, Plaintiff has alleged only bias and prejudice, not the personal interest that Lavoie identifies as constitutionally suspect.

The touchstone of procedural due process is whether the State has provided "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" City of Los Angeles v. David, 538 U.S. 715, 717 (2003) (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976)). The recusal process followed by the Justices meets these requirements. There is a procedure and forum for parties to seek the recusal of a justice believed to be biased. Moreover, there is recourse "for erroneous deprivations provided by statute . . . ." Zinermon, 494 U.S. at 126. See 28 U.S.C. § 1257, Lavoie, 475 U.S. at 815 (overruling Alabama Supreme Court decision allowing an interested justice to participate in a case on due process grounds). Thus, even looking at the complaint in the light most favorable to Plaintiff and accepting all factual allegations as true, the Court finds that he cannot prove that the recusal process utilized by the Justices is incapable of being constitutionally valid. See Salerno, 481 U.S. at 745 (holding that "the challenger must establish that no set of circumstances exists under which the Act would be valid."). See also In re DeLorean Motor Co., 991 F.2d at 1240 (holding that a court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."). Therefore, the Court finds that Plaintiff's complaint must be dismissed for failure to state a claim. In so determining, the Court makes no finding as to the merits of the Justices' recusal decisions, whether Michigan Court Rule 2.003, which governs the disqualification of judges in Michigan, should apply to "justices," or the propriety of the acts taken by the Justices.

## V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED.**

**IT IS SO ORDERED.**

s/Marianne O. Battani  
MARIANNE O. BATTANI  
UNITED STATES DISTRICT JUDGE

DATED: September 26, 2007

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt

DEPUTY CLERK
